UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11CV-67-H

VIOLET M. HOGAN                                                  PLAINTIFF

V.

LIFE INSURANCE COMPANY OF NORTH AMERICA              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

      Plaintiff, Violet Hogan, an employee of SHPS, Inc., appeals the administrative denial of her Short Term Disability Plan (the "STD Plan") benefits under the company's employee benefit plan. Defendant, Life Insurance Company of North America ("LINA"), was delegated authority to adjudicate claims for STD Plan benefits. After the administrative denial of her claim, Plaintiff filed this appeal. Both parties have moved for summary judgment based upon the administrative record.

I.

      First, the Court must resolve several preliminary issues. Plaintiff argues that the employer has not properly delegated the right of discretionary review to its plan administrator, LINA. This is a difficult argument to sustain based upon a review of the applicable documents. However, both the STD Certificate and LTD Policy appear to give LINA the authority to adjudicate claims for benefits:

> The Plan Administrator has appointed the Insurance Company as the named fiduciary for adjudicating claims for benefits under the Plan, and for deciding any appeals of denied claims. The Insurance Company shall have the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for

>coverage or benefits under the Plan, and to make any related findings of fact.

(Hogan 000122; Hogan 000152). The Court concludes that this language properly delegates to LINA the authority to exercise the employer's discretion to make all decisions related to benefit claims. Based on the Administrative Record, and in addition to there being no objection from the Plaintiff, the policy's language gives LINA the power to make decisions on behalf of the employer with regard to employee benefit claims.

Plaintiff also argues that the Plan documents do not sufficiently describe the discretionary authority to review claims under the arbitrary and capricious standard. The STD Policy, STD Group Disability Insurance Certificate ("STD Certificate"), and LTD Policy state as follows:

>**Disability Benefits**
>
>The Insurance Company will pay Disability Benefits if an Employee becomes Disabled while covered under this Policy. The Employee must satisfy the elimination Period, be under the Appropriate Care of a Physician, and meet all the other terms and conditions of the Policy. He or she must provide the Insurance Company, at his or her own expense, satisfactory proof of Disability before benefits will be paid.

(Hogan 000086 (STD Policy), 000112 (STD Certificate).

For quite some time the Sixth Circuit has found similar language to be a sufficient grant of discretion. *See, e.g., Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556 (6th Cir. 1998) (granting discretion where "the proof or evidence of disability... [is] satisfactory to the insurer or plan administrator"); *Miller v. Metro. Life Ins. Co.*, 88 F.2d 979, 983 (6th Cir. 1991) (granting discretion based on the language "on the basis of medical evidence satisfactory to the Insurance Company").

II.

The Court has carefully reviewed the medical evidence supporting Plaintiff's claim.  The record is slim and the Court finds it unconvincing.

Apparently, Plaintiff filed her claim after she began to feel depression and anxiety. Plaintiff's first medical report was dated September 16, 2008, only two days prior to her last day of work.  At that time, her treating physician, Dr. Thomas Schurfranz, noted that she "can't seem to function" and "doesn't like her job."  He diagnosed her as having "depression with anxiety" and "back pain."  He saw Plaintiff on two other occasions shortly thereafter:  September 22 and October 27.  His conclusions did not appear to change.

Under the STD Plan, Plaintiff is entitled to benefits if she is "unable to perform the material duties" of her regular occupation.  The Plan will not pay benefits if the injury or illness is work related.

In reviewing all the doctor's notes, the medical conclusions appear to be based entirely on Plaintiff's own self-reporting.  Dr. Schurfranz's diagnostic conclusions are general in nature. The medical notes are devoid of any physical or mental tests results.  No objective medical findings support the doctor's conclusions.  He assigns no specific limitations based on any particular diagnosis.  Also, Dr. Schurfranz mentioned on several occasions that much of her anxiety stemmed from work-related stress or work stressors.

Upon receiving and denying Plaintiff's STD request, Defendant responded to Plaintiff with specific reasons why the request was inadequate.  It noted that the policy excludes claims for work-related illnesses.  This would seem to be a major cause of Plaintiff's "depression with anxiety."  Moreover, Defendant stated the remainder of her claims seem void of an explanation for any claimed functional limitations.  After receiving this critique of her claim, Plaintiff did not

respond with any additional evidence addressing these deficiencies.

Defendant has many reasons to suspect this claim: (1) the general diagnostic conclusion, (2) the complete absence of clinical tests and results, and (3) based upon only three office visits without any subsequent follow-up visits. It is particularly suspect that Plaintiff initiated her medical visits only two days prior to leaving work based on vague complaints. Moreover, Dr. Schurfranz suggested referral to a psychiatrist for additional evaluation. Plaintiff never received such an evaluation. Indeed, there are no medical records beyond October 27, 2008. In sum, the complete absence of convincing medical evidence casts clear doubt on Plaintiff's claim. The Court concludes that Plaintiff's medical evidence provides no sound or reasonable basis upon which to identify a medical condition limiting her work. The decision to deny benefits, therefore, was reasonable and was not arbitrary, capricious or an abuse of discretion.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's claim for STD Plan benefits is DENIED and her claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Counsel of Record